# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br>   vs.<br><br>RANULFO FRAGOZA-MENDOZA,<br><br>                              Defendant. | CASE NO. 11cr2296 JM<br>CIVIL NO. 11cv2420 JM<br><br>ORDER DENYING MOTION BROUGHT PURSUANT TO 28 U.S.C. 2555 |

Pursuant to a plea agreement, on September 23, 2011 Defendant Ranulfo Fragoza-Mendoza ("Defendant") pleaded guilty to being a deported alien found in the United States after deportation in violation of 8 U.S.C. §1326(a) and (b). On the same date, the court, pursuant to the plea agreement, sentenced Defendant to 12 months' custody, followed by three years of supervised release. Defendant now moves to set aside, modify, or vacate the sentence pursuant to 28 U.S.C. §2255 ("Motion"). Although not perfectly clear, Defendant contends that his status as a deported alien deprives him of benefits under the United States Constitution. For the reasons set forth below, the court summarily denies the Motion.

## DISCUSSION

**28 U.S.C. §2255 Review**

Under Rule 4(B) of the Rules Governing Section 2255 Proceedings, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving

1  party." In such an instance, the district court is not required to hold a hearing or to require a response
2  from the government. <u>See</u> 28 U.S.C. § 2255. Here, for the below stated reasons, the court finds the
3  motion without merit and therefore summarily denies the Motion.

4  **Waiver of the Right to Collaterally Attack Sentence**

5  Defendant waived his right to collaterally attack his sentence. In the plea agreement defendant
6  specifically waived his right to appeal or to collaterally attack his conviction and sentence unless the
7  court imposed a custodial sentence greater than the high end of the guidelines range recommended
8  by the government. This waiver provision is enforceable to bar Defendant from seeking collateral
9  relief because Defendant was sentenced within the guideline range. <u>See</u> <u>United States v. Abarca</u>, 985
10 F.2d 1012, 1014 (9th Cir.), <u>cert. denied</u>, 508 U.S. 979 (1993). The plea agreement's language clearly
11 embraces a waiver of any collateral attack on Defendant's sentence, including a § 2255 motion. <u>See</u>
12 <u>United States v. Schuman</u>, 127 F.3d 815, 817 (9th Cir. 1997) (per curiam) (finding that defendant
13 waived his right to appeal an incorrect application of Sentencing Guidelines even though the plea
14 agreement did not specifically mention this right; to find otherwise "would render the waiver
15 meaningless"). Furthermore, Defendant does not challenge the voluntariness of his waiver or
16 otherwise inform the court of any other reason to invalidate his waiver. The record reflects that
17 Defendant's waiver was knowing and voluntary. Accordingly, the court concludes that Defendant
18 validly waived his right to collaterally attack his sentence and dismisses the Motion.

19 **The Merits of the Motion**

20 Even if Defendant had not waived his right to attack his conviction and sentence, the Motion
21 fails on the merits. Defendant argues that, as a result of his deportable alien status, he is unable to
22 participate in programs that would entitle him to early release in violation of the Equal Protection
23 Clause of the Fourteenth Amendment. The Ninth Circuit Court of Appeals rejected this argument in
24 <u>McLean v. Crabtree</u>, 173 F.3d 1176 (9th Cir.1999). There, the court held, "[E]xcluding prisoners with
25 detainers from participating in community-based treatment programs, and consequently from sentence
26 reduction eligibility, is at least rationally related to the BOP's legitimate interest in preventing
27 prisoners from fleeing detainers while participating in community treatment programs." Id. at 1176.
28 Additionally, Defendant's argument that the Court could depart downward because he is a deportable

1  alien is precluded by statute and current Ninth Circuit case law. By statute, the Court may depart
2  downward only if there are "aggravating or mitigating circumstances ... not adequately taken into
3  consideration by the Sentencing Commission." 18 U.S.C. § 3553(b). Specifically, the Ninth Circuit
4  has held that the threat of deportation is not a factor that the district court may consider for sentencing
5  purposes. United States v. Alvarez–Cardenas, 902 F.2d 734, 737 (9th Cir.1990).  As all relevant
6  factors were taken in to consideration at the time of Defendant's sentencing, the Motion is denied.
7  In sum, the Motion is denied and the Clerk of Court is instructed to close the file.
8  **IT IS SO ORDERED.**
9  DATED:  October 21, 2011

   _____
   Hon. Jeffrey T. Miller
   United States District Judge

   cc:        All parties